Michele R. Stafford, Esq. (SBN 172509)
Matthew P. Minser, Esq. (SBN 296344)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mstafford@sjlawcorp.com
mminser@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>QOL CORP., a California Corporation dba Custom Engineered Openings Windows & Doors,<br><br>Defendant. | Case No. C16-04554 HSG<br><br>**JUDGMENT PURSUANT TO STIPULATION** |

IT IS HEREBY STIPULATED and AGREED (the "Stipulation") by and between the parties hereto, that Judgment shall be entered in the within action in favor of Plaintiffs District Council 16 Northern California Health And Welfare Trust Fund, et al. ("Plaintiffs" or "Trust Funds") and against Defendant QOL Corp., a California Corporation dba Custom Engineered Openings Windows & Doors ("Defendant") as follows:

1.   Defendant is signatory to and bound by the terms of a Collective Bargaining Agreement ("Bargaining Agreement") with the Plaintiff Union ("Union"). The Bargaining Agreement is still in full force and effect.

2.   Steve Landry, as RMO/CEO/President of Defendant, and Marc Todd, as Officer of Defendant (collectively "Guarantors"), confirm that they are authorized to enter into this Stipulation on behalf of Defendant and confirm that they are personally guaranteeing the amounts due herein.

Defendant/Guarantors specifically consent to the Court's jurisdiction, as well as the use of a Magistrate Judge for all proceedings, including entry of judgment herein. Defendant/Guarantors further confirm that all successors in interest, assignees, and affiliated entities (including, but not limited to, parent or other controlling companies), and any companies with which Defendant joins or merges, if any, shall also be bound by the terms of this Stipulation as Guarantors. This shall include any additional entities in which Guarantors are an officer, owner or possesses any controlling ownership interest. All such entities shall specifically consent to the Court's jurisdiction, the use of a Magistrate Judge for all proceedings herein, and all other terms herein, in writing, at the time of any assignment, affiliation or purchase.

3. Defendant has become indebted to the Trust Funds as follows:

| Work Month | Total Contributions Due | Unpaid Contributions | 20% Liquidated Damages[1] | 5% Interest (through 9/6/16) | Subtotal Due |
|---|---|---|---|---|---|
| 10/15 | $108,714.03 | $76,573.62 | $21,742.81 | $2,865.52 | $101,181.95 |
| 12/15 | $91,150.98 | $56,508.17 | $18,230.20 | $1,828.12 | $76,566.49 |
| 3/16 | $64,626.42 | $5,072.57 | $12,925.28 | $335.34 | $18,333.19 |
| 4/16 | $147,141.88 | $8,275.82 | $29,428.38 | $399.21 | $38,103.41 |
| 6/16 | $204,562.60 | $39,573.37 | $40,912.52 | $524.32 | $81,010.21 |
| Subtotals | | *$186,003.55* | *$123,239.19* | *$5,952.51* | *$315,195.25* |
| Total due, as shown above, for 10/15, 12/15, 3/16-4/16, 6/16 (through 9/6/16): | | | | | $315,195.25 |
| 10% Liquidated Damages for 8/15, 9/15, 11/15, 1/16, 2/16, 5/16 Contributions: | | | | | $20,685.48 |
| 5% Per Annum Interest for 8/15, 9/15, 11/15, 1/16 - 2/16, 5/16 Contributions: | | | | | $2,262.38 |
| Audit (3/1/15-7/31/15) | | | | | $11,390.07 |
| Attorneys' Fees and Costs (through 9/6/16): | | | | | $13,404.50 |
| **SUBTOTAL:** | | | | | **$362,937.68** |
| Credits: | | | | | (161.00) |
| **TOTAL:** | | | | | **$362,776.68** |

**REQUIREMENTS UNDER THE TERMS OF THIS STIPULATION**

4. Notice requirements pursuant to the terms of this Stipulation are as follows:

a) **Notices to Defendant/Guarantors**: Steve Landry and Marc Todd, QOL

---

[1] Liquidated damages are calculated on the total reported due, pursuant to the terms of the Bargaining and Trust Agreements.

1    Corp., 1055 Bay Boulevard, Suite I, Chula Vista, CA 91911; email: srlbrr@gmail.com; mtodd@ceowd.com

2    b) **Notices to Plaintiffs**: Michele R. Stafford, Saltzman & Johnson Law Corp., 44 Montgomery Street, #2110, San Francisco, CA 94104; email:
3    mstafford@sjlawcorp.com, copy to: compliance@sjlawcorp.com

4    5.    The requirements pursuant to the terms of this Stipulation are as follows:

a)    **Monthly Payments**: Defendant/Guarantors shall conditionally pay the amount of $218,852.01 representing all of the above amounts, less liquidated damages in the amount of $143,924.67.

i)    Initial payment in the amount of **$18,735.00** to be received by Plaintiffs on or before September 12, 2016.

ii)    Payments in the amount of **$18,735.00 per month** shall begin on September 30, 2016, and continue on or before the last business day of each month thereafter **for a period of eleven months**. Plaintiffs may require that Defendant/Guarantors pay electronically by wire transfer or by cashier's check.

iii)    Defendant/Guarantors shall have the right to increase the monthly payments at any time and there is no penalty for prepayment.

iv)    Payments shall be applied first to interest, at the rate of 5% per annum in accordance with the Bargaining Agreement and Trust Agreements. Interest shall begin to accrue on September 7, 2016.

b)    **Contributions:** Beginning with contributions due for hours worked by Defendant's employees during the month of July 2016, and for every month thereafter until this Judgment is satisfied, Defendant shall remain current in reporting and payment of contributions due to Plaintiffs under the terms of the Collective Bargaining Agreement(s).

c)    **Job Report:** Beginning with the month of July 2016, and for every month thereafter, Defendant shall fully disclose all jobs on which it is working by providing Plaintiffs with fully completed job reports on the form attached hereto as **Exhibit A**. Upon request by Plaintiffs, Defendant shall also provide Plaintiffs with copies of Certified Payroll Reports.

d)    **Audit:** Should the Trust Funds request an audit of Defendant's payroll records pursuant to the requirements of the Bargaining Agreement and/or Trust Agreements,

Defendant must contact the auditor within seven days of receiving notice, and must schedule the audit as requested.

      i)     In the event that amounts are found due to Plaintiffs as a result of the audit, Plaintiffs shall send a copy of the audit report, and written demand for payment to Defendant. In the event that the audit findings are not contested, payment in full shall be delivered to Michele R. Stafford at the address provided above.

      ii)     In the event that Defendant disputes the audit findings, Defendant must provide the dispute in writing, with all supporting documentation within ten (10) days of the date of the demand. Defendant shall be notified as to whether revisions will be made to the audit. If revisions are not made, payment will be immediately due. If revisions are made, payment in full of the revised amount shall be immediately due.

      iii)     If Defendant is unable to make payment in full, Defendant may submit a request to add the amounts found due to this Stipulation. If the Stipulation is so revised, Defendant shall execute the Amended Judgment or Amendment to Judgment within ten (10) days of receipt. Failure to execute the revised agreement shall constitute a default of the terms herein.

      iv)     Failure by Defendant to submit either payment in full or a request to add the amounts due to this Judgment within ten days of receipt shall constitute a default of the obligations under this agreement. All amounts found due on audit shall immediately become part of this Judgment.

    e)    **<u>Fees:</u>** Defendant/Guarantors shall pay all additional attorneys' fees and costs incurred through Satisfaction of Judgment, whether or not a default occurs.

6.    In summary, Defendant/Guarantors shall deliver the following payments and documents to Plaintiffs, at the following locations, on or before the following delivery deadlines, until this Stipulation has been fully satisfied:

//

//

//

| Required Submissions | Delivery deadlines[2] | Delivery locations |
|---|---|---|
| **Initial payment in the amount of $18,735.00** Payable to *District Council 16 Northern California Trust Funds* | September 12, 2016 | Michele R. Stafford Saltzman & Johnson Law Corp. 44 Montgomery Street, #2110 San Francisco, CA 94104 |
| **Stipulated payments in the amount of $18,735.00** payable to *District Council 16 Northern California Trust Funds* | Last business day of each month (9/30/16-7/31/17) | Michele R. Stafford Saltzman & Johnson Law Corp. 44 Montgomery Street, #2110 San Francisco, CA 94104 |
| **Current contribution reports and payments** payable to *District Council 16 Northern California Trust Funds* | Last business day of each month (beginning 8/31/16, for 7/16 hours) | Michele R. Stafford Saltzman & Johnson Law Corp. 44 Montgomery Street, #2110 San Francisco, CA 94104  Plus copies to: compliance@sjlawcorp.com (subject: "QOL Corp."); and District Council 16 Northern California Trust Funds P.O. Box 4816 Hayward, CA 94540-4816 |
| **Completed job reports** (form attached as Exhibit A to Stipulation) **and Certified Payroll (if requested)** | Last business day of each month (beginning 8/31/16, for 7/16 hours) | compliance@sjlawcorp.com (subject: "QOL Corp.") or Michele R. Stafford Saltzman & Johnson Law Corp. 44 Montgomery Street, #2110 San Francisco, CA 94104 |

7.      Failure to comply with any of the above terms, including submitting a payment that does not clear the bank, shall constitute a default of the obligations under this Stipulation.

## **DEFAULTS UNDER THE TERMS OF THIS STIPULATION**

8.      If default occurs, Plaintiffs shall make a written demand to Defendant/Guarantors, to cure said default ***within seven (7) days of the date of the notice from Plaintiffs***. In the event default is not cured within the required time frame, all amounts remaining due hereunder (after application of principal payments made, if any) shall be due and payable on demand by Plaintiffs. These amounts shall include any conditionally waived liquidated damages, additional (current) contributions/liquidated damages/interest, and additional attorney's fees and costs incurred herein.

---

[2] If the Stipulation has not been fully satisfied by 7/31/17, all monthly submission requirements shall continue until all amounts have been paid and a Satisfaction of Judgment has been filed with the Court.

9. Any unpaid or late-paid contributions, together with 20% liquidated damages and 5% per annum interest, shall become part of this Judgment. Plaintiffs reserve all rights available to collect any contributions and related amounts not included herein. This includes, but is not limited to any amounts due pursuant to employee timecards or paystubs, by audit, or other means. Should Defendant fail to submit a report for any month, contributions shall be estimated pursuant to Trust Fund policy. Defendant/Guarantors specifically waive the defense of the doctrine *res judicata* as to any such additional amounts determined as due.

10. A Writ of Execution may be obtained without further notice, in the amount of the unpaid balance plus any additional amounts due under the terms herein. Such Writ of Execution may be obtained solely upon declaration by a duly authorized representative of Plaintiffs setting forth the balance due as of the date of default.

## MISCELLANEOUS PROVISIONS

11. The above requirements remains in full force and effect regardless of whether or not Defendant has ongoing work, whether Defendant's account with the Trust Funds is active, or whether Defendant is signatory to a Collective Bargaining Agreement with the Union. If, for any reason, Defendant has no work to report during a given month, Defendant shall submit the job report form (Exhibit A attached hereto) indicating that there are no current jobs. If Defendant has no contributions to report, Defendant shall submit the applicable contribution report stating "no employees."

12. Payments made by joint check shall be endorsed on behalf of Defendant prior to submission, and may be applied toward Defendant's monthly stipulated payment, provided that the issuer of the joint check is not requesting a release in exchange for the payment. Joint checks for which a release is requested may not be applied toward Defendant's monthly stipulated payment, but shall be deducted from the total balance owed under this Stipulation, provided the payment is for contributions included in this Stipulation.

13. Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise Defendant/Guarantors as to the final amount due, including additional interest, any current contributions and related amounts and all additional attorneys' fees and costs incurred by

1 Plaintiffs, whether or not Defendant defaults herein. Any additional amounts due shall be paid in
2 full with the final stipulated payment due on July 31, 2017.

3      14.     The conditional waiver of liquidated damages shall be presented to the Board of
4 Trustees for consideration only after all amounts due under the terms of this Stipulation are paid in
5 full, and Defendant's account is otherwise current. If Defendant has fully complied with the terms
6 of the Stipulation without default(s), the waiver shall be granted. If the waiver is granted, a
7 Satisfaction of Judgment will be filed with the Court once all payments have cleared the bank. If
8 the waiver is not granted, the liquidated damages will be immediately due.

9      15.     Defendant/Guarantors waive any notice of Entry of Judgment or of any Request for
10 a Writ of Execution, and expressly waives all rights to stay of execution and appeal.

11      16.     Any failure on the part of Plaintiffs to take any action as provided herein in the
12 event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any
13 subsequent breach.

14      17.     Defendant/Guarantors have represented that they do not intend to file for
15 Bankruptcy protection. In the event that Defendant/Guarantors file for Bankruptcy protection,
16 Defendant/Guarantors specifically agree that the amounts due hereunder, which are employee
17 benefits and related sums, shall not be dischargeable. Defendant/Guarantors agree to reaffirm this
18 debt, and will not request that the debt be discharged.

19      18.     Should any provisions of this Stipulation be declared or determined by any court of
20 competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and
21 enforceability of the remaining parts, terms or provisions shall not be affected thereby and said
22 illegal, unenforceable or invalid part, term, or provisions shall be deemed not to be part of this
23 Stipulation.

24      19.     This Stipulation is limited to the agreement between the parties with respect to the
25 unpaid and delinquent contributions and related sums enumerated herein, owed by Defendant to
26 Plaintiffs. This Stipulation does not in any manner relate to withdrawal liability claims, if any.
27 Defendant acknowledges that Plaintiffs expressly reserve their right to pursue withdrawal liability
28 claims, if any, against Defendant and all of its control group members, as provided by Plaintiffs'

C:\Users\RILEYN~1.CAN\AppData\Local\Temp\notes1A03DD\~5500282.docx

1  Plan documents, Trust Agreements incorporated into their Bargaining Agreements, and applicable
2  laws and regulations.
3      20.   This Stipulation contains all of the terms agreed to by the parties and no other
4  agreements have been made. Any changes to this Stipulation shall be effective only if made in
5  writing and signed by all parties hereto.
6      21.   This Stipulation may be executed in any number of counterparts and by facsimile,
7  each of which shall be deemed an original and all of which shall constitute the same instrument.
8      22.   Defendant/Guarantors represent and warrant that they have had the opportunity to
9  be or have been represented by counsel of their own choosing in connection with entering this
10 Stipulation under the terms and conditions set forth herein, that they have read this Stipulation
11 with care and are fully aware of and represent that they enter into this Stipulation voluntarily and
12 without duress.
13 //
14 //
15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

-8-
**JUDGMENT PURSUANT TO STIPULATION**
**Case No. C16-04554 HSG**

C:\Users\RILEYN~1.CAN\AppData\Local\Temp\notes1A03DD\~5500282.docx

23. The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

| | |
|---|---|
| Dated: September 8, 2016 | **QOL CORP., dba CUSTOM ENGINEERED OPENINGS WINDOWS & DOORS** |
| | By: /S/ <br> Steve Landry <br> RMO/CEO/President of Defendant |
| Dated: September 8, 2016 | **STEVE LANDRY** |
| | By: /S/ <br> Steve Landry, individually, as Guarantor |
| Dated: September 8, 2016 | **MARC TODD** |
| | By: /S/ <br> Marc Todd, individually, as Guarantor |
| Dated: September 15, 2016 | **DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, ET AL.** |
| | By: /S/ <br> Chris Christophersen <br> Trustee of Plaintiff Trust Funds |
| Dated: September 15, 2016 | **DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, ET AL.** |
| | By: /S/ <br> John Maggiore <br> Trustee of Plaintiff Trust Funds |

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall retain jurisdiction over this matter.

Dated: November 4, 2016         _Haywood S. Gilliam Jr._
                                 UNITED STATES DISTRICT COURT JUDGE

**EXHIBIT A: JOB REPORT FORM**
**Completed Forms Due by the Last Business Day of each month**
by email to compliance@sjlawcorp.com (subject line: *QOL Corp.*), or delivered to Saltzman & Johnson, 44 Montgomery St., Ste. 2110, San Francisco, CA 94104

**Employer: QOL CORP., dba CUSTOM ENGINEERED OPENINGS WINDOWS & DOORS**

Report for the month of _____, 20__ Submitted by: _____

| | | | |
|---|---|---|---|
| **Project Name:** | | | **Public or Private?** (circle one) |
| **Project Address:** | | | |
| **General Contractor:** | | | |
| **General Contractor Address:** | | | |
| **General Contractor Telephone #:** | | **Project Manager Name:** | |
| **Project Manager Telephone #:** | | **Project Manager email address:** | |
| **Contract #:** | | **Contract Date:** | |
| **Total Contract Value:** | | | |
| **Work Start Date:** | | **Work Completion Date:** | |
| **Project Bond #:** | | **Surety:** | |

| | | | |
|---|---|---|---|
| **Project Name:** | | | **Public or Private?** (circle one) |
| **Project Address:** | | | |
| **General Contractor:** | | | |
| **General Contractor Address:** | | | |
| **General Contractor Telephone #:** | | **Project Manager Name:** | |
| **Project Manager Telephone #:** | | **Project Manager email address:** | |
| **Contract #:** | | **Contract Date:** | |
| **Total Contract Value:** | | | |
| **Work Start Date:** | | **Work Completion Date:** | |
| **Project Bond #:** | | **Surety:** | |

*** *Attach additional sheets as necessary*

-1-
**EXHIBIT A TO JUDGEMENT PURSUANT TO STIPULATION**
**Case No.  C16-04554 HSG**

**ATTESTATION CERTIFICATE**

In accord with the Northern District of California's Civil Local Rule 5-1, I attest that concurrence in the filing of this document has been obtained from each of the other signatories who are listed on the signature page.

Dated: September 19, 2016

By: _____/S/_____
Matthew P. Minser, Esq.
Attorneys for Plaintiffs

-1-
**ATTESTATION**
**Case No. C16-04554 HSG**

C:\Users\RILEYN~1.CAN\AppData\Local\Temp\notes1A03DD\~5500282.docx